# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO: 2:19-cr-53 |
| v. | : | |
| | : | JUDGE SARGUS |
| ANDREW K. MITCHELL, | : | |
| | : | |
| Defendant. | : | |

## MOTION FOR REVIEW AND REVOCATION OF ORDER OF DETENTION PENDING TRIAL FOR BRIEF ARGUMENTS TO BE HEARD AT ARRAIGNMENT

Now comes the Defendant, by and through counsels, and hereby moves this Court to review and then revoke the March 13, 2019, Order of Magistrate Judge Jolson whereby Defendant Andrew Mitchell was ordered detained.

For the reasons set forth below, the Defendant respectfully requests that this Court order that Andrew Mitchell be released pending trial, while supervised with conditions of Pre-Trial Services, pursuant to 18 U.S.C. 3142.

## MEMORANDUM IN SUPPORT

### Procedural Background

On March 7, 2019, an Indictment was returned charging Andrew Mitchell with three counts of Deprivation of Rights Under Color of Law, two counts of Witness Tampering, one count of Obstruction of Justice, and one count of False Statement made to a Department or Agency of the United States. The Defendant was not arrested on March 7, March 8, March 9, or

March 10. In fact, he was not arrested on these charges until March 11, 2019, where he completely complied, without incident.

On March 13, 2019, Pre-Trial Services issued a report recommending the release of Andrew Mitchell on his own recognizance, with the following release conditions to address potential issues of flight and safety to the community:

1. Submit and report for supervision to the Pre-Trial Services Office.
2. Continue or actively seek employment.
3. Surrender any passport to the Clerk of Courts by March 15, 2019.
4. Not obtain a passport or other international travel document.
5. Not possess a firearm, destructive device, or other dangerous weapons.
6. Avoid all contact, directly, or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution.
7. Participate in mental health treatment as directed by the Pre-Trial Services Officer.
8. Participate in one of the following location restriction programs and abide by all the requirements of the program which will include global positioning satellite (GPS) with CURFEW.

On that same day, an initial appearance was held and the United States sought detention, despite the recommendation with accompanying conditions to be put in place which factored in flight risk and the safety of the community.

The undersigned submit that the Government failed to establish its burden that no conditions of release will reasonably assure the Defendant's appearance at trial, and that no conditions of release will reasonably assure the safety of the community.

## Applicable Law

In Mitchell's case, analysis of the required factors to be considered for release as set forth in 18 U.S.C. 3142 supported an order for release. In making this determination, the Court must take into account:

(1) The nature and circumstances of the offense charged;
(2) The weight of the evidence against the person
(3) The history and characteristics of the person, including –

> a. The person's character, physical, and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> b. Whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial…; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. 3142(g).

The Defendant now seeks review of the Magistrate Judge's detention order pursuant to 18 U.S.C 3145(b) and moves for revocation of the order and for an order directing that the Defendant be released with the conditions of Pre-Trial Services recommended.

> 18 U.S.C. 3145(b) states:
> If a person is ordered detained by a Magistrate Judge…the person may file…with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

As this Honorable Court is aware, the court must conduct a *de novo* review of the facts and circumstances properly before it in order to review the Magistrate Judge's release order. See <u>United States v. Mancuso</u>, 7726 F.Supp 1210, 1211 (D. Nev. 1989).

## Legal Argument

**I.  The Government failed to establish, by a preponderance of the evidence, that no conditions of release will reasonably assure the defendant's attendance at trial.**

In its argument at the initial appearance, the Government relied on the indictment, to contend that due to the Defendant's "extensive knowledge" of police work, he has the proper tools to "effectively evade" both law enforcement and Pre-Trial Services supervision.

First and foremost, the Government, by relying on the Indictment in-and-of-itself relied on a probable cause standard that was used for the Grand Jury to return an indictment. Counsels for the Defendant will not belabor the definition of legal standards that this Honorable Court already

knows, however, the Government provided no further evidence or testimony in addition to the Indictment which would elevate that burden from that of a probable cause standard to that of a preponderance standard.

By stating that the Defendant has "extensive knowledge" to be able to "effectively evade" both law enforcement and Pre-Trial Supervision, the Government ignores all of the cooperation the Defendant has been providing since the commencement of this investigation to not only the Government, but also his extensive network of attorneys.

To start, the Defendant was served with the initial warrant, while at Port Columbus Airport on September 26, 2018, while he was headed to Las Vegas, Nevada. The Defendant accepted service on September 26, 2018, where he was still permitted to leave the state. Despite his "extensive knowledge" to "effectively evade" law enforcement officials, Andrew Mitchell did not stay in Las Vegas. He did not flee. He returned to Columbus, Ohio, as he was scheduled to do so. Columbus, Ohio is where the Defendant has remained since his return from Las Vegas.

To date, the Defendant has had eight in person meetings with his labor attorneys. He has had three in person meetings with his criminal attorneys, and two in person meetings with his labor attorneys and criminal attorneys combined.

Additionally, he has had three separate interviews where he has been asked to provide with the Government with DNA. His DNA was taken, without incident.

On March 11, 2019, he was asked to provide the password to his phone, under the legal threat of the Government being able to merely obtain a warrant, wherein the Government would inevitably successfully seek the password to his phone. Andrew Mitchell complied with this request as well. He provided his password to the Government while at counsel table, right before his initial appearance.

Most importantly, as the family of Donna Castleberry detailed to the Columbus Dispatch, it is known that the County is set to commence with Grand Jury proceedings in early April, 2019, for the police-involved on-duty shooting that Mr. Mitchell was involved in back in August, 2018. Pursuant to the county-wide policy, Mr. Mitchell is invited to testify on his own behalf at that Grand Jury proceeding. This is, in effect, all the more incentive not to flee the jurisdiction, and comply with Pre-Trial Services, as he is going to testify in the county's grand jury proceeding in early April.

Because of this on-duty incident, Mr. Mitchell has been involved in counseling since August of 2018. He has seen his counselor numerous times, and is going to continue to attend counseling, should this Court grant him the opportunity for release.

The Government did not establish its burden of proof by a preponderance of the evidence, as there are plenty of conditions that can be imposed to ensure the Defendant's appearance in Court. The three risks of non-appearance, as noted by the Pre-Trial Services Department, are each accompanied by specific remedial conditions, which would not only make it more likely that he would appear in Court, but it would guarantee his appearance in Court. These three risks of nonappearance are as follows:

(1) Possible mental health history;
(2) Possession of a passport;
(3) Possible future employment

To remedy the first risk of non-appearance, as already stated, Mr. Mitchell is enrolled in counseling, and has been enrolled in counseling since August of 2018. For the last several months, he has seen his counselor to address the possible mental health history, and will continue to see his counselor, along with any other counseling that Pre-Trial Services recommends.

To remedy the second risk of non-appearance, Mr. Mitchell has already agreed to surrender his passport. At his initial appearance, he had his passport in-hand, ready to surrender.

To remedy the third risk of non-appearance, Mr. Mitchell has approximately 51 rental units, that he manages and leases. He can continue to manage and lease from his work, in this capacity. Additionally, he is in the retirement process from the Columbus Division of Police, and will have a steady income from said retirement.

If the Defendant were going to use his "extensive knowledge" to "effectively evade law enforcement," Defense Counsels submit and logic dictates, that he would have already done so. The Government argues that he has "continuously lied to the Court," however, cannot point out that one thing in the Pre-Trial Services report was untruthful or based on a lie. Because the Government put forth no evidence other than the probable cause standard used to issue an indictment, and because the Defendant has continued to comply with the investigation, and because there are certainly conditions that this Honorable Court can put in order to ensure the Defendant's appearance, the Government has failed to meet its burden.

### II.   The Government has failed to establish, by clear and convincing evidence, that no conditions of release will reasonably assure the safety of the community.

This issue, before the Court, is "whether releasing a defendant would pose a danger to the community that would not exist were [the defendant] detained." United States v. Rodriguez, 897 F. Supp. 1461, 1463 (S.D.Fla 1995).

Here, again we saw the Government rely on the Indictment thereby relying on a probable cause standard that was used for the Grand Jury to return an indictment. Counsels for the Defendant, again, will not belabor the definition of legal standards that this Honorable Court already knows, however, the Government provided no further evidence or testimony in addition

to the Indictment which would elevate that burden from that of a probable cause standard to that of a clear and convincing standard.

Through Government inaction, this Honorable Court can see exactly why the Defendant does not pose a threat to the community. The Governmental inaction here, that being, the failure to file a complaint, an indictment, followed by a superseding indictment speaks volumes. Further, as Pre-Trial Services recommended, there are conditions that can be put in place which would address and reasonably assure the safety of the community.

In addressing the Government inaction first, the Government commenced this investigation on September 26, 2018 on allegations stemming from July, 2017, almost twenty months ago, and May/June of 2018, almost ten months ago.  At no time since July of 2017, did the Government ever utilize tools available to it in order to seek the detention of Mr. Mitchell. This Honorable Court sees the Government take advantage of these legal mechanisms every single day.  These mechanisms by which the Government can take action, since Mr. Mitchell posed "such a danger to the community" include, but are not limited to, the filing of a complaint, the issuance of an indictment, continued its investigation, and superseded that indictment. No such action was taken. In fact, the latest allegation in the indictment dates back to December 5, 2018.  If the Defendant was such a "danger to society," a complaint could have been filed then. As it stands, a complaint could have been filed since July of 2017, wherein the Government could have exercised these mechanisms.  However, this was not done, and Defense Counsels submit, that it is because the Defendant posed no danger to the community.

Additionally, the Defendant was indicted on Thursday, March 7, 2019. No arrest was made on Friday, March 8, 2019. No arrest was made on Saturday, March 9, 2019. No arrest was made on Sunday, March 10, 2019. No arrest was made until Monday, March 11, 2019, when Mr.

Mitchell arrived, to work, at the Columbus Police Department Headquarters for his lawful duties as an employee.

So true too is the fact that the Columbus Police Department and the Government of the United States continued to allow him to be employed and operate at the Columbus Police Department since this investigation started, and since these allegations were known.  The United States Attorney for the Southern District of Ohio, in its joint press conference with other elected officials, namely Ron O'Brien and David Yost, made abundantly clear that the Columbus Division of Police, "is a partner, working together with the FBI, BCI, and the State Auditor's office," in this investigation.

Mr. Mitchell posed no increased threat to the community from March 7, 2019, the date of which he was indicted, until March 11, 2019, his arrest date, for the Government to be able to argue that no conditions are available to this Court to ensure safety of the community.  Had Mr. Mitchell posed such a danger, the Government, FBI, CPD, and the State Auditor's office, would have seen that they protect the public from this danger to society, and arrested him on March 7, 2019.  We certainly hope that the Government would have gotten this dangerous monster off the streets of Columbus before he had the potential to terrorize citizens of Columbus for the entire weekend.

The sole risk of danger that is indicated on the Pre-Trial Services report is the "nature of the instant offense."  This, too, can be remedied by conditions that this Honorable Court may impose to reasonably assure the safety of the community.  First and foremost, Mr. Mitchell can submit and report for supervision to the Pre-Trial Services Office.  He would not possess any firearm, destructive device, or other dangerous ordinance.  This Court can impose a no contact order, wherein Mr. Mitchell would avoid any and all contact, directly, or indirectly, with any

person who is or may become a witness or victim in the case at hand. Mr. Mitchell can also be required to abide by GPS with curfew, which would make his whereabouts known at all times to Pre-Trial Services.

Because the Government put forth no evidence other than the probable cause standard used to issue an indictment, and because there are certainly conditions that this Honorable Court can put in order to reasonably assure the safety of the community, the Government has failed to meet its burden.

> **III.  The factors listed in 18 U.S.C. 3142 favor release.**
>
> **(a) The nature and circumstances of the offenses, while if proven to be true, would be egregious, the Defendant, is still in possession of the presumption of innocence and even has evidence of an allegation in the indictment, that demonstrates the unthreatening nature of communications concerning a count.**

Mr. Mitchell has messages dating back to April 6, 2018, with a person he is alleged to have tampered with on December 5, 2018. He also has messages from that date, that do not demonstrate any threatening nature whatsoever. It is important for the Court to understand that Defense Counsels may only speculate as to these "alleged five victims," however, some of these "alleged victims" are believed to have been former tenants of Mr. Mitchell's, where he has maintained a landlord/tenant relationship, and even a potentially former employee. Moreover, this contact allegedly occurred before he was charged. Should this Honorable Court order release, Mr. Mitchell can abide by all of the conditions such as a no contact order and GPS monitoring, to address the serious nature of the charges.

As this Court is aware, the Defendant still maintains the presumption of innocence, and while on its face, the nature of the charges are serious, Pre-Trial services can monitor and is willing to monitor Mr. Mitchell to ensure he poses no serious threat.

**(b) The history and characteristics of Andrew Mitchell including his physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, lack of history relating to alcohol abuse, lack of criminal history, and lack of being on probation, parole, or other release pending trial all favor release.**

Mr. Mitchell is married, and has been for the past twenty years. The majority of his family reside in central Ohio. He has been employed at the same job for the past thirty years. He owns his home with his wife. He and his wife are in the process of adopting a 3.5 year old child. They have legal custody of the child currently, and had to engage in extensive background checks in order to obtain legal custody. Mr. Mitchell grew up in central Ohio, where he attended and graduated from Delaware Hayes High School. He went on to obtain a Bachelor of Arts degree in Criminology from The Ohio State University. He has no criminal record whatsoever, and has never presented any sort of drug or alcohol issue in his thirty-year tenure at his place of employment. All of these history and characteristics of Andrew Mitchell favor release, as they demonstrate his ties to the Columbus community and his lack of criminal record. All of these factors are in favor of release, and establish that he is neither a flight risk, nor a danger.

## CONCLUSION

Based on all of the preceding factors, Defense Counsels submit that the Government has failed to demonstrate its burden with respect to flight and the safety of the community.

For all of the foregoing reasons, Defense Counsels respectfully request this Honorable Court to revoke the March 13, 2019, order that Defendant Andrew Mitchell be detained, and issue an order releasing the Defendant, requiring him to comply with any and all aspects of the Pre-Trial Services report.

        Respectfully submitted,

        /s/ Mark C. Collins
        **MARK C. COLLINS (0061207)**
        Mark C. Collins, Co., L.P.A.
        492 S. High Street, 3rd Floor
        Columbus, Ohio  43215
        (614) 443-3100    (614) 443-3102– fax
        mark@mcollinslaw.com
        *Attorney for Defendant Andrew K. Mitchell*


        /s/ Kaitlyn C. Stephens
        **KAITLYN C. STEPHENS (0095589)**
        Mark C. Collins, Co., L.P.A.
        492 S. High Street, 3rd Floor
        Columbus, Ohio  43215
        (614) 443-3100    (614) 443-3102– fax
        kaitlyn@mcollinslaw.com
        *Attorney for Defendant Andrew K. Mitchell*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2019, I electronically filed this Motion using the CM/ECF System, which will send notification of such filing to the following:  Jessica Kim, Esquire, and Kevin Kelley, Esquire.

        /s/ Mark C. Collins
        **MARK C. COLLINS (0061207)**

        /s/ Kaitlyn C. Stephens
        **KAITLYN C. STEPHENS (0095589)**