**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **CASE NO. 2:19-cr-053** |
| **vs.** | **JUDGE SARGUS** |
| **ANDREW K. MITCHELL,** | |
| **Defendant.** | |

**REQUEST OF THE UNITED STATES FOR *LAFLER* HEARING**

The above captioned case is currently set for trial on January 8, 2024.   The undersigned have previously discussed terms of a proposed plea agreement with counsel for defendant since early 2023 leading up to his trial in State court in April of this year.   After recent discussions, a written copy of the same terms of this plea agreement were provided to defense counsel on October 30, 2023.   It appears to the undersigned, that the defendant is unwilling to agree to the terms of this plea agreement.   Therefore, the undersigned request that this Court set a *Lafler* hearing date the week of November 13th (if possible), to question the defendant regarding his rejection of this plea agreement.   Via this notice, the undersigned is formally notifying defense counsel that the proposed plea agreement will be formally withdrawn at the conclusion of any scheduled *Lafler* hearing as the undersigned have already begun trial preparation.

Conducting such a hearing will allow the Government to make a formal record regarding its conveyance of the plea agreement to the defendant as well as an on-the-record indication that the defendant understood the terms of the plea offer and the potential sentencing consequences he faces if, instead, he were to be convicted at trial.   Likewise, such a hearing would formally place

1

the defendant on notice that this potential plea offer will be withdrawn at the conclusion of the hearing, as described above.

To be clear, the Government is confident that defense counsel has regularly conveyed the terms of the plea offer to defendant Mitchell and has informed him that the plea offer will be withdrawn well in advance of trial. But as this Court is aware, in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), the Supreme Court held that a defendant who turned down a favorable plea offer because he received incorrect legal advice from his attorney may maintain a claim for ineffective assistance of counsel. Whether this factual allegation is true or not, it is evidence that, if true, would establish the claim for relief, and a district court "must hold an evidentiary hearing to determine the truth of the petitioner's claims" under such circumstances. *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). To avoid any future motions under 28 U.S.C. § 2255 and/or an evidentiary hearing on such a claim, the Government respectfully requests such a hearing be held the week of November 13, 2023 (if possible), to establish that this defendant has knowingly rejected the respective offered plea agreement.

In an effort to avoid the time and expense of final preparations for trial, the Government is notifying the defense counsel via this filing that the formal deadline for accepting the proposed plea agreement offered will be at the conclusion of the *Lafler* hearing.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/Kevin W. Kelley
KEVIN W. KELLEY (0042406)
NOAH R. LITTON (0090479)
Assistant United States Attorneys

2

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing motion was sent via this Court's ECF system

to attorneys for defendant, Kaitlyn Stephens and Mark Collins, on this 1st day of November 2023.


s/Kevin W. Kelley
KEVIN W. KELLEY (0042406)
Assistant United States Attorney