IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Case No. 2:19CR-053(1) |
| ANDREW K. MITCHELL | : | JUDGE SARGUS |

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Mitchell is scheduled for sentencing on May 9, 2024. The parties entered into a Rule 11(c)(1)(C) plea agreement at the time of Mitchell's guilty plea which stipulated to a sentencing range between 84 and 132 months. Pursuant to the U.S. Sentencing Guidelines, the Probation Officer has determined that Mitchell's sentencing guideline range is life imprisonment for an offense level of forty-three (reduced from the actual level of forty-seven). For the reasons that follow, the United States requests that a sentence of imprisonment of 132 months be imposed, which is both reasonable and appropriate, as well as legally supported by the circumstances of this case.

As established by the Presentence Investigation Report, with his conviction for Depravation of Civil Rights involving Kidnapping (both Counts 1 and 2), pursuant to U.S.S.G. §2H1.1(a)(1), the offense level is determined by the guideline applicable to the underlying offense. Since the offense involved kidnapping, U.S.S.G. § 2A4.1 is used, however, the Probation Officer also determined that sexual abuse occurred during the kidnapping so U.S.S.G. § 2A3.1(a)(2) is applied and this results in a base offense level of thirty. The guilty plea to Obstruction for destruction of evidence (Count 8) has no impact on these sentencing guidelines.

1

Pursuant to U.S.S.G. § 2A3.1(b)(1) (and referencing 18 U.S.C. § 2241), a four level enhancement applies for engaging in a sexual act by using force and/or kidnapping. (See also § 2A3.1 Application Note #2(A)) Likewise, pursuant to U.S.S.G. § 2A3.1(b)(5), if the victim was abducted increase by an additional four levels. Further, U.S.S.G. § 2A3.1(b)(3)(A), if the victim was in the custody or supervisory control of the defendant increase by two additional levels.

The Probation Officer also properly determined that Mitchell should receive a six-level enhancement for committing the instant offense while a public official and under color of law pursuant to U.S.S.G. §2H1.2(b)(1). Further, the Probation Officer also assessed an additional two-level enhancement pursuant to U.S.S.G. § 3A1.1(b)(1), finding that Mitchell knew or should have known that the offense involved vulnerable victims. With a two-level enhancement for a multiple count adjustment (PSR ¶ 80), this results in a combined adjusted offense level of fifty. After a three-level reduction for acceptance of responsibility, this results in a final offense level of forty-seven (which is then reduced to the sentencing guidelines cap of forty-three). With a criminal history category of I, defendant Mitchell has a sentencing range of life imprisonment. There are three objections to these guideline findings which are addressed below.

Counsel for Mitchell has objected to all references to sexual assault (and any accompanying guideline enhancements) within the presentence report as the negotiated plea agreement and accompanying Statement of Facts did not stipulate to the occurrence of any sexual activity. As this Court likely realizes, the plea agreement was the result of significant negotiation in the face of a potentially very difficult trial for both sides. While both victims have been cooperative with law enforcement and indicated a willingness to testify, they both also

2

indicated a strong preference for this case to be resolved short of trial. This dilemma led to this resolution and the need for a factual determination of this issue to be done at sentencing.

Regarding the objection to sexual assault, the undersigned submit that the Probation Officer properly determined that the evidence supports a finding that sexual assaults occurred. The agreed upon facts included use of "handcuffs attached to a zip tie on the doorknob of his vehicle" on Victim 1 and the driving of Victim 2 "against her will to Lindberg Park" where she was "forcibly" held and detained. These facts alone clearly establish that more was going on than just Mitchell abusing the powers of his badge to only detain someone. (Doc. 378, Plea Agmt., Attachment A – Statement of Facts) While Mitchell continues to deny any sexual involvement with these women, there is no explanation for the admitted behavior above. Further, significant evidence corroborated the testimony of the victims that Mitchell took advantage of the depravation of their liberty to further assault and sexually victimize them.

Both victims were able to give physical descriptions of Mitchell and both later formally identified photographs of him. The victims also identified his vehicle consistent with known cars driven by Mitchell. Both victims very specifically described the locations where Mitchell took them and their timeframes were consistent with Mitchell's work and phone records. One victim was even able to identify a vacation photograph (found by the FBI on FaceBook) that she believed that Mitchell had shown her as the wallpaper photo on his phone. In addition to interviewing with the FBI, both victims also testified in grand jury and Victim 1 also subsequently interviewed with the Probation Officer[1] as part of the presentence investigation.

---

[1] Unfortunately Victim 2 has no longer kept in contact with her private attorney and recent efforts to locate her have been unsuccessful.

The Superseding Indictment and supporting evidence also established that Mitchell was hardly behaving consistent with his responsibilities as a Columbus Division of Police officer tasked with protecting and serving his community. Counts 4, 5 and 6 established that Mitchell intimidated and hindered at least three other additional victims from communicating with law enforcement and the ongoing grand jury looking into his illegal conduct. Mitchell also plead guilty to Count 8 of the Superseding Indictment which established that he had engaged in obstruction shortly after search warrants were conducted and the FBI investigation had become known. Specifically, Mitchell cleaned out, disposed of and bleached potential evidence at an apartment he controlled "so the FBI could not gather evidence if they came to search it". (PSR ¶ 29, Doc. 378, Plea Agmt., Attachment A – Statement of Facts)[2] These obstructive actions certainly support a finding that Mitchell was attempting to thwart an investigation into his sexual activity inconsistent with his duties as a police officer. The objection to the Probation Officer's findings that Mitchell did commit sexual assaults should be denied.

Mitchell's second objection challenges that two-level enhancements were given for both Mitchell being a police officer (U.S.S.G. § 2A3.1(b)(3)(A)) and for him being determined to be a public official pursuant to U.S.S.G. § 2H1.1(b)(1). As noted in our response to the Probation Officer, *United States v. Volpe*, 224 F.3d 72, 76 (2d.Cir. 2000) affirms the application of both enhancements for a police officer with victims in his custody or control. Both victims initially interacted with Mitchell within his role as a law enforcement officer and he exerted his police authority over them. The second objection should be denied.

---

[2] The FBI investigation also interviewed at least six other female tenants of Mitchell (their landlord) that admitted having sex with Mitchell in return for money, reduced rent and/or free rent. Many of these tenants were also long time drug addicts, some were also sex workers with active substance abuse issues.

Mitchell's third objection challenges the two-level enhancement pursuant to U.S.S.G. § 3A1.1(b)(1) suggesting that Mitchell did not know either of his victims were vulnerable (specifically dope sick or going through heroin withdrawal). While the United States believes the Probation Officer's determination is supportable based solely on the victim's status as sex workers, given that Mitchell's ultimate offense level of forty-seven remains beyond the highest level of the sentencing guidelines, this Court can consider granting the objection as the net result is essentially moot.

While the federal Sentencing Guidelines are no longer mandatory, United States v. Booker, 543 U.S. 220 (2005), the Guidelines should still be "the starting point and initial benchmark" in determining a sentence. United States v. Bolds, 511 F.3d 568, 579 (6th Cir. 2007) (quoting Gall v. United States, 552 U.S. 38, 49 (2007)). Ultimately, a sentence must be reasonable. United States v. Jackson, 408 F.3d 301, 304 (6th Cir. 2005) (citing Booker, 543 U.S. at 260). Specifically, the length of a sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary to comply with the purposes of §3553(a)." United States v. Vowell, 516 F.3d 503, 512 (6th Cir. 2008)(internal quotations omitted). The factors listed in 18 U.S.C. §3553(a) include, but are not limited to:

(1) the nature and circumstances of the offense and the history and characteristics of defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In the instant case, the undersigned believes the nature and circumstances of the offense and the history and characteristics of the defendant are the prevailing and most important §3553(a) factors relevant to the sentencing of defendant Mitchell. In addition, the need for the sentence imposed on Mitchell to promote respect for the law is also a significant factor meriting extra attention in this case.

As a member of the Columbus Division of Police's Vice unit and a long serving police officer, Mitchell was well aware of the special vulnerabilities of the sex workers and often drug addicted females with which he came into contact. Mitchell purposely targeted them in the belief that their complaints of assault and sexual compromise would not be believed by law enforcement suspected of being too aligned with one of their own. Throughout the FBI investigation, female interviewees explained their doubts and hesitation in reporting Mitchell due to fears of retaliation and being disbelieved. Mitchell routinely used this dynamic to his advantage as both a police officer (and a landlord) in seeking sexual conquest and control while ignoring the law he was sworn to uphold.

The actions of Mitchell after learning of the pending FBI investigation also cast doubt on his denials of sexual activity with the victims and should also undermine any hopes of Mitchell for leniency at sentencing. As discussed above, Mitchell intimidated and hindered potential victims during the active investigation into his activities as well as destroying evidence. As detailed in Count 7 of the Superseding Indictment, as search warrants were being executed, Mitchell was interviewed by the FBI and denied ever having sex with prostitutes when he knew this statement was clearly false. Mitchell's ongoing conduct as a CPD officer was an embarrassment to his badge and his sworn duty to protect and serve.

The seriousness of the offense, depravation of the civil rights of multiple citizens by an officer sworn to uphold and protect those very citizens, further highlights the need for a sanction of a significant term of imprisonment. Police officers are given great discretion and authority in the performance of their duties with limited supervision or controls. Defendant Mitchell took full advantage of the nature of the vice unit responsibilities to benefit his own selfish sexual vices.

Clearly, Congress determined that these offenses are very serious given the potential penalty available for these crimes is up to life imprisonment. Likewise, the U.S. Sentencing Guidelines established a series of enhancements applicable to Mitchell's behavior, each one emphasizing that behavior of this type is serious and warrants more levels (and correspondingly additional time of imprisonment). Mitchell's ultimate sentencing guidelines exposure is at the very highest contemplated by the Sentencing Commission. All of these factors support a sentence at the highest end of the agreed upon sentencing range (in this case, 132 months).

Even if Mitchell's legal argument that he only kidnapped the victims (for some unknown reason other than sexual assault) does not support a request for a lower sentence. The Probation Officer has confirmed that granting all of Mitchell's objections would still result in a final offense level of 35 with a corresponding sentencing range of 168-210 months. A sentence of 132 months would still be three years less than the very bottom of that sanitized sentencing range.

Other district courts from across the country recognize the unique and acute harm that police officers pose—both to their particular victims and to society at-large—when they abuse their special position of trust and authority by violating the civil rights of those they are sworn to

protect and serve. Luckily, cases factually similar to the instant case are relatively rare. However, a police officer in West Virginia was given a sentence of 14 years imprisonment by Senior District Judge Copenhaver for the defendant's guilty plea to a violation of Civil Rights (18 U.S.C. § 242) that included the rape of the victim. (*United States v. Osborne*, (S.D. WV case no: 2:21-cr-0152) Likewise, in a State of Washington case, another police officer was given a 14 year sentence for his conviction of raping two women while on duty. (Spokane County Superior Court case # 21-1-01948-32, appeal pending Washington State Court of Appeals, Division III, case # 39322-4-III) In *United States v. Guidry*, 456 F.3d 493, a police officer's conviction (and resulting sentence of 405 months) was affirmed for his kidnapping and sexual assault of a victim under color of law. Similarly, a police officer convicted under 18 U.S.C. § 242 received a 240 month sentence in Mississippi. (*United States v. Simmons*, 470 F.3d 1115 (5th Cir.2006). In *United States v. Dillon*, 2011 WL 1235157 (E.D. La, March 31, 2011) a city employee was given two life sentences for the rapes of two women under color of law.

    In each of these cases, these officers were sentenced to terms of imprisonment far exceeding the current request of the 132 months the government seeks for Mitchell. Clearly, the sentencing judges recognized the very real, very lasting harm the officers caused both to the victims and to the rest of the citizens in the community they were sworn (and trusted) to protect. While Andrew Mitchell also has no criminal history, such background is hardly significant or unique when the defendant was previously a law enforcement official.

    Consistent with all of these facts and in consideration of the applicable 18 U.S.C. §3553(a) factors, the United States recommends a sentence of imprisonment of 132 months which is at the top of the agreed upon Rule 11(c)(1)(C) range. The offense of conviction and the

above described circumstances suggest a sentence of this length is warranted under the sentencing guidelines. This sentence would also be reasonable under the rationale of <u>Booker</u>, 543 U.S. 220 (2005); <u>United States v. Henry</u>, 545 F.3d 367, 385 (6th Cir. 2008) ("A sentence within the applicable Guidelines range is accorded a presumption of reasonableness in this circuit.") (citation omitted).

## Conclusion

Based upon the foregoing, the United States submits that the defendant's offense level and criminal history categories should be an offense level of 43, criminal history category I, with a sentencing range of life imprisonment. Consistent with the Rule 11(c)(1)(C) plea agreement, the sentencing range is between 84 and 132 months. Considering the sentencing factors set out in 18 U.S.C. §3553(a), including the need to provide just punishment for the offense, afford adequate deterrence to criminal conduct, and promote respect for the law, the United States requests that defendant Andrew Mitchell be sentenced to a term of imprisonment of 132 months.

    Respectfully submitted,

    KENNETH L. PARKER
    United States Attorney

    s/Kevin W. Kelley
    KEVIN W. KELLEY (0042406)
    NOAH R. LITTON (0090479)
    Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Government Sentencing Memorandum was served this 1st day of May 2024, via the Court's electronic filing system (ECF) on counsel for defendant, Kaitlyn Stephens and Mark Collins.

s/Kevin W. Kelley  
KEVIN W. KELLEY  
Assistant U.S. Attorney